IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SITUATION MANAGEMENT SYSTEMS, INC.<br><br>                    Plaintiff,<br><br>v.<br><br>ASP.CONSULTING GROUP and ASP.CONSULTING LLC,<br><br>                    Defendants. | CIVIL ACTION NO. 06 CA 11557 WGY |

**ASP.CONSULTING LLC'S MEMORANDUM IN SUPPORT**
**OF MOTION FOR SUMMARY JUDGMENT**

ASP.Consulting LLC ("ASP") moves for summary judgment on the grounds that it has

not infringed the registered copyrights that Plaintiff, Situation Management Systems, Inc.

("SMS") listed in the Complaint.[1]  There is no genuine issue as to any material fact upon which

SMS can rely in support of its infringement charges, and ASP is entitled to judgment as a matter

of law.  SMS has reviewed each of ASP's works.  The results of its review indicate nothing more

than that ASP and SMS teach courses on similar topics.  These similarities do not support a

finding of copyright infringement as a matter of law.

---

[1] These works SMS listed in the Complaint consist of: Promoting and Implementing Innovation: Trainer Manual, TX 3-585-173; The Positive Negotiation; 3rd Edition (Participant Set), TX 1-360-735; The Positive Negotiation Program (Participant Set), TX 923-166; Positive Power and Influence Program Trainer Manual (4th Edition), Pau-2-158-228; Influence Skills Workshop, TX 5-125-090; Positive Power and Influence Program: Advanced Workshop Trainer Manual, TX 4-477-074 (Supplementary registration); and Positive Power and Influence Program (4th Edition) 3 Day program, TX 4-442-875.

## INTRODUCTION

In this copyright action SMS alleges that materials used in association with three programs ASP offers infringe seven of its registered works.  The materials at issue consist essentially of training books, designed for use in teaching skills commonly necessary in corporate organizations.  (Declaration of Dane Harwood in Support of ASP.Consulting LLC's Motion for Summary Judgment ("Harwood Dec."), ¶ 4).  ASP has labeled its programs: *Communicate 2 Influence*; *Championing Ideas*; and *Negotiating Successful Agreements*.  These programs generally compete with programs offered by SMS.  A number of other companies and business schools offer these types of programs.  (30(b)(6) Deposition of SMS ("SMS Dep."),[2] p. 194, lines 10-14).

SMS first sued ASP on these copyrights in the United States District Court for the District of New Hampshire.  SMS charged infringement in that suit even though it had neither seen nor read the accused ASP works!  (SMS Dep., p. 10, lines 8-24).  During the New Hampshire suit, ASP allowed SMS to review ASP's works so that SMS could satisfy itself of the lack of any areas of similarity to the SMS works.  ASP hoped that SMS, after reviewing the works, would simply drop the suit.  (Declaration of James J. Foster ("Foster Dec."), ¶ 4).  Following that review, however, SMS refused to drop the suit, but, at the same time, declined to identify any specific instances of substantial similarity.  The court, however, dismissed the suit for lack of personal jurisdiction.  (Foster Dec., ¶ 5).

After SMS then filed this Massachusetts case, ASP requested SMS to identify any specific instances of substantial similarity.  The Foster Declaration attaches SMS's first substantive response as Exhibit D.  Subsequently, SMS provided comparisons of certain of

---

[2] The cited pages of the SMS Deposition are attached to the Foster Declaration as Exhibit N.

1242859

SMS's works to representative versions of ASP's works.  These are Exhibits A, B, and C to the

Foster Declaration.  SMS then testified at its deposition that it could not identify any occurrences

of infringement other than those contained in Exhibits A, B, and C.  (SMS Dep., p. 164, lines 14-

17).  Thus, the Parties seem to agree that Exhibits A, B, and C represent the entirety of SMS's

copyright allegations.[3]

## ARGUMENT

The Court should grant ASP summary judgment of non-infringement.  A court will grant

summary judgment where plaintiff shows no substantial similarity as to protected elements of the

copyrighted materials.  See Yankee Candle Co. v. Bridgewater Candle Co., 259 F.3d 25, 37 (1st

Cir. 2001) (affirming summary judgment when plaintiff demonstrated no substantial similarity of

protected elements).  In this case, the comparisons of SMS's works to ASP's works do not reveal

substantial similarity of copyrightable expression.  Accordingly, the Court should grant summary

judgment.

**A.      Principals of Copyright Infringement**

To prevail on its claim of copyright infringement, SMS must show ownership of a valid

copyright and illicit copying by ASP.  National Nonwovens, Inc. v. Consumer Prods. Enters.,

Inc., 397 F. Supp. 2d 245, 254-255 (D. Mass 2005).  The test for "illicit copying" requires that

SMS show that ASP copied SMS' materials so extensively that the copying rendered the

infringing and copyrighted works substantially similar.  Id. at 255.  The fact finder determines

substantial similarity by the "ordinary observer" test, which looks to whether an ordinary

---

[3] The comparisons can be read as follows:

|  |  |
|---|---|
| first column: | cite to page of ASP work |
| second column: | attempted transcription from ASP work |
| third column: | attempted transcription from SMS work |
| fourth column: | cite to page of SMS work.  (SMS Dep., p. 145-146). |

reasonable person would conclude that ASP unlawfully appropriated SMS's protected expression by taking material of substance and value.  Id.  Copyright law, however, limits the ordinary observer test in that the law cannot protect ideas, however original.  The exclusion of ideas from copyright protection also extends to fragmentary words, short phrases, and forms of expression dictated solely at functional considerations.  See id.  Further, if one can express ideas only in a limited number of ways, the idea and expression "merge" such that only nearly exact copying will be found to infringe.  Id.  Before applying the ordinary observer test, the court must dissect the copyrighted material to identify which features the law protects.  Id.

**B.      ASP's Works Do Not Infringe**

There is no genuine issue of material fact as to the lack of substantial similarity of the SMS and ASP materials.  SMS cannot meet its burden to show that ASP copied any protected elements of its work or that copying resulted in substantially similar works.  To the contrary, SMS's comparisons demonstrate the opposite.  Those comparisons identify areas in which the SMS and ASP works, both of which are texts designed to instruct individuals, teach only the same ideas.  Teaching the same ideas using different expression is not copyright infringement.

**1.      Protected Portions of SMS's Works Are Limited**

Copyright law does not protect ideas, fragmentary words, and forms of expression dictated solely by functional considerations.  Id.  SMS and ASP specifically designed their materials as teaching aids to convey certain techniques and ideas to program participants.  (Harwood Dec., ¶ 5).  SMS acknowledges the functionality of those materials.  (SMS Dep., p. 155, lines 18-24; p. 156, lines 1-24).  Methods for negotiation, influencing, and communicating are based in research and client experience.  (Harwood Dec., ¶ 6).  The observations and skills that both ASP and SMS include in their materials (to the extent of any

1242859

similarity) consist purely of ideas or techniques that practictioners have found effective for the particular skills the programs are intended to teach. (Harwood Dec., ¶ 7). Similarly, the order in which various sections of the work appear results from either common sense (e.g., table of contents at start of work, identifying objectives at start of work) or known techniques for adult learning (e.g., self analysis, practice and review). (Harwood Dec., ¶ 8). Similarly, certain elements of the work are widely used ideas, such as rating something on a scale of 1-5 or seeking feedback from peers. (Harwood Dec., ¶ 9). Virtually no creative expression appears in the works. Whatever creative expression the authors use appears to describe techniques and insights into the skills of negotiating, influencing, and communicating, areas subject to limited means of expression. Accordingly, even when taken as a whole, the court should find the SMS works basically functional in nature.

SMS's comparisons clearly show the extent to which the material consists of completely unprotected elements or elements subject to the merger doctrine. The comparisons SMS created, Exhibits A, B and C to the Foster Declaration, further demonstrate the absence of protected elements in the SMS works.

As an example, SMS identifies as similarities between the SMS works and the ASP works, the use of the fragmentary words in the "program objectives." (Ex. C, p. 1, row beginning "Page 3"). Those phrases, however, identify what participants can expect to cover, clearly a functional use. (Harwood Dec., ¶ 11). (In this example, moreover, ASP's materials do not contain any of the language found in SMS's materials).

Similarly, the next comparison of Exhibit C uses "TOC" (table of contents) as an example of infringement. (Ex. C, p. 1, row beginning Manual TOC). Using a table of contents, however, serves a function, as does the order of the chapters. (Harwood Dec., ¶ 8, 11). (Again,

the materials use different language).

The other comparisons, Ex. A and B show similar functional elements.  These include instructions on selecting a peer evaluator, listing of various communication skills, defining "stakeholders," and discussions of the goals of a communications workshop.  In short, even when taken as a whole, the law protects little, if any, content of the SMS works.  The materials consist of mainly ideas, instructions, functional structure, or learning elements, and standard phrases and techniques.  See National Nonwovens, 397 F. Supp. 2d at 256-257 (breaking instructions down into steps and contents of instruction of limited protection).

**2.      SMS's Comparisons Show No Substantial Similarity of Protected Elements**

In view of the functional nature of the SMS works, and the extent to which those works describe general ideas, the expressions of which have limited options, the doctrine of merger places on SMS the heavy burden of showing near identity.  Id.  There is no genuine material dispute that SMS has not shown identity.  The comparisons that SMS offers show nothing close to the nearly identical copying that the law requires when the merger doctrine applies.  Even absent the merger doctrine, these comparisons show no copying of "expression."

Without belaboring the point, each of Exhibits A, B, and C show that SMS has no viable claim to copying of expression.[4]  For example, on page 1 of Exhibit B, SMS identifies six areas of ostensible "similarity."  However, none have similar language or expression.  The phrases, word choice, and graphical elements in the ASP column are quite different from the material in the SMS column.  They simply show examples of two courses on similar topics covering the

---

[4] ASP notes that in creating these comparisons, SMS sometimes omitted words, added words, and omitted formatting.  Such editing might occasionally imply similarities that do not exist.  For this reason, ASP attaches as exhibits E, F, G, H, I, J, K, L, M, O, P and Q, the works believed to have been used in the comparisons.  Because even in this scenario the alleged similarities are insubstantial, ASP refers to the comparisons, which amount to the total of SMS's allegations of infringement, for purposes of this motion.

1242859

same ideas.

Exhibit A, comparing Communicating 2 Influence to various SMS works (including an Influence Skills Questionnaire, a multiple participant workbook, and a Managing Influence Reader) offers only more of the same.  Page 1 complains that ASP, in different words, gives instructions for a self-assessment.  Page 1 also complains about the use of a 1-5 rating of skill, and the identification of certain skills, again, in different terms from the terms SMS used to describe such skills.

Exhibit C, comparing Negotiating Successful Agreement to SMS's Positive Negotiation Program similarly focuses on similarity of ideas and function, rather than expression.  Page 1 of this Exhibit illustrates only a definition of the negotiation process in different terms from the SMS explanation of a definition of the negotiation process.  Throughout the comparison, the language relates to functional elements, ideas, and methods, using different expressions.  SMS acknowledged during its deposition that it was looking for similar ideas when it created the comparisons on which SMS bases its infringement allegations.  For example, one area it identified as supporting infringement is that SMS's work says "use candor" and ASP's work says "Disclose personal, private information."  SMS explained, "If you looked up 'candor' in the dictionary, I'm sure it would be defined as personal or private information." (SMS Dep., p. 153, lines 14-24).  In alleging another instance of infringement, SMS claimed "It's the whole idea of generalizing consequences" and agreed that the Complaint was that the works had the same idea. (SMS Dep., p. 161, lines 1-6).

This is the same technique SMS used to compile all of its comparisons.  (SMS Dep., p. 162, lines 9-19).  Thus, SMS improperly bases its copyright claims on ASP's use of different words to express similar ideas.

1242859

Moreover, in making the comparisons SMS drew from various fragments and portions of its works out of order and in some cases drawing from separate documents.  The documents as a whole and in context further demonstrate no "substantially similarity" in protected expression.

Taking the works as a whole, the ordinary observer would not conclude that SMS copied any of SMS's expressive elements.  As in <u>National Nonwovens</u>, the materials are teaching tools. The basic steps are functional, including descriptions of communication, negotiation, and influence processes and procedures.  These ideas allow for limited expression, and they require certain structure and language to function as teaching tools.  Moreover, like <u>National Nonwovens</u>, SMS can describe virtually no instance in which any words are even nearly identical.  Even should some identical words appear, as can be seen by a cursory review of Exhibits E, F, G ,H, I, J, O, P, Q next to Exhibits K, L and M (the SMS and ASP works respectively), the similarities are so isolated that an ordinary observer would not conclude ASP unlawfully appropriated protected expression.  There can be no factual dispute about this.  The works are what they are.  SMS's comparisons clearly do not suffice to carry the high burden of proving infringement of an instructional work.  The court should grant summary judgment of non-infringement.  <u>See</u> <u>National Nonwovens</u>, 397 F. Supp. 2d at 257.

## <u>CONCLUSION</u>

For the above reasons, ASP requests that the Court grant summary judgment against SMS on the grounds that no infringement has occurred.

Respectfully submitted,

ASP.Consulting LLC
by its attorneys,

Dated: August 31, 2007                    /s/ James J. Foster
                                          James J. Foster BBO #553285
                                          jfoster@wolfgreenfield.com
                                          Laura E. Topper BBO #652364
                                          ltopper@wolfgreenfield.com
                                          WOLF, GREENFIELD & SACKS, P.C.
                                          600 Atlantic Avenue
                                          Boston, Massachusetts 02210
                                          (tel.) 617.646.8000
                                          (fax) 617.646.8646

1242859

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.


/s/ James J. Foster                            

1242859