UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SITUATION MANAGEMENT SYSTEMS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| *vs.* | ) | C.A. No. 06-11557-RGS |
| | ) | |
| ASP. CONSULTING, LLC, | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF SITUATION MANAGEMENT SYSTEMS, INC.'S POSITION ON TRIAL
BY JURY**

As requested by the Court at the status conference on July 13, 2009, Plaintiff, Situation

Management Systems, Inc. ("SMS"), hereby submits this memorandum.

**I.
PRELIMINARY STATEMENT**

At the recent status conference on July 13, 2009, this Court noted its preference for a jury

trial in similar matters.  Among other things, the Court pointed out the potential advantages of a

jury trial, including the desirability of presenting expert testimony to a jury on the subject of

substantial similarity.

SMS agrees with the Court's comments and asserts that this matter can and should be

tried to a jury.  Defendant ASP. Consulting, LLC ("ASP.")[1], however, suggested that a jury trial

should be precluded here because the first trial in this matter was conducted on a "case stated"

basis.

As noted below, however, the law is well settled that a waiver of a jury in the first trial

does not bind the parties in post-remand proceedings.  Rather, some courts hold that the prior

---

[1] Now known as Lamoco Consulting, LLC.

waiver is now essentially a nullity and no longer binds the parties or this Court. Other authorities

hold that the grant of a jury trial in these circumstances is under Fed. R. Civ. P. Rule 39(b) and

rests within the sound and broad discretion of the trial court.  Particularly where, as here, the

party opposing a jury trial cannot point to any specific prejudice, courts routinely can and do

order a jury trial.

## II.
## LEGAL ARGUMENT

**A.**     **The Right to A Jury Trial Is An Important One And The**
          **Court Has Discretion Under Rule 39 to Order A Jury Trial.**

The precise issue here -- a request for a jury trial following an appeal and remand --

apparently has been addressed in relatively few federal cases.   Certain authorities state

unequivocally that stipulations waiving the right to jury trial are applicable only to the original

trial in which waiver is given and do not extend to subsequent trials.  *Burnham v North Chicago

Street R. Co.*, 88 F. 627, 629-30 (7th Cir. 1898); *F. M. Davies & Co. v Porter* 248 F. 397, 398 (8th

Cir. 1918).

Other cases and authorities, however, support the conclusion that a litigant's revocation

of a jury waiver in a trial following remand is governed by Fed. R. Civ. P. Rule 39(b).   Rule

39(b) vests the district court with discretion to order a trial by jury even when that right has been

waived previously.  Fed. R. Civ. P. 39(b) ("[N]otwithstanding the failure of a party to demand a

jury in an action in which such demand might have been made of right, the court in its discretion

upon motion may order a trial by a jury on any or all issues."); *see also Rowlett v. Anheuser-

Busch, Inc.,* 832 F.2d 194, 199 (1st Cir. 1987) (affirming that trial court acted within its

discretion in granting motion for a jury trial).   Confirming the sweep of Rule 39(b), the First

Circuit has declared, "We are of the view that the discretion under Rule 39(b) is very broad and

that the case would be very rare indeed where a district court abused its discretion in denying or granting a Rule 39(b) motion." *Rowlett, 832 F.2d at 200.*

As summarized in *Moore's Federal Procedure*, while remand may not automatically revive the right to a jury trial, "[a] party who wishes to obtain a jury trial on remand after waiver may move under Rule 39 for relief in the court's discretion." *Moore's Federal Practice* § 38.52[7][c].

Although the First Circuit has not addressed this issue directly, it has implicitly approved the Rule 39(b) standard set forth in *Moore.* In *Hanlon v. United States*, 615 F.2d 535, 539 n.7 (1st Cir. 1980), a litigant knowingly waived his right to jury trial and then attempted, on appeal, to use that precise waiver as a basis to overturn the trial court decision. Quite properly rejecting the notion that a party can use its own knowing waiver as a basis to reverse the trial court's original verdict (an argument that is, of course, not presented here), the First Circuit explicitly contrasted that situation with the issue presented by a new trial following remand. The First Circuit declared:

> We do not go so far as to say that post-judgment relief from a valid withdrawal of a jury trial demand can never be afforded. Professor Moore has suggested, for example, that when a new trial has been ordered for some independent reason, the district court should have discretion to relieve a party of his stipulation *to a jury-waived trial and to allow retrial before a jury.* [Citation omitted.]

As the Ninth Circuit summarized in a thoughtful opinion regarding the analogous waiver of the right to trial by an Article III judge, "Like the waiver of some other constitutional rights, it should not, once uttered, be deemed forever binding." *United States v. Mortensen*, 860 F.2d 948, 950 (9th Cir. 1988). Rather, the proper focus in such waiver analyses is the timeliness of the request following remand and the presence or absence of prejudice:

CHI-1713368v2

Although jurisdiction might remain unbroken, consent can be withdrawn by the defendant if done in a timely manner. Waiver of the right to trial before an Article III judge involves important constitutional rights. [Citations omitted.] *Like the waiver of some other constitutional rights, it should not, once uttered, be deemed forever binding.* Our circuit has held, for example, that once a waiver of the right to counsel has been made, a defendant is entitled to withdraw the waiver and ask for an attorney in a later proceeding. [Citations omitted.] Another court has held that waiver of the right to a jury trial can be withdrawn before a retrial of the same case. [Citations omitted.] We believe that a party who consents to trial before a magistrate is entitled to the same chance for withdrawal.

*We require only that the notice of withdrawal be timely.* Timeliness is not a concept subject to precise quantification. The circumstances of each individual case determine its contours. *In accord with a well-established tradition, we hold that a withdrawal motion is timely when granting the motion would not unduly interfere with or delay the proceedings. Id.* (emphasis added).

In sum, the prior waiver in the first trial of this matter should not be "deemed forever binding," and the Court may order a jury trial either because the prior stipulation is deemed *functus officio* upon reversal and remand, or based upon the Rule 39 (b) factors discussed below.

**B.**   **This Court May Properly Exercise Its Discretion to Order a Jury Trial.**

    **1.**   **The Scope of Any Trial Has Been Substantially Narrowed.**

When the parties here were first presented with the question of whether to conduct a jury trial, this case was in a much different legal and factual posture. At that time, virtually all of the issues inherent in any copyright infringement case were still open. That is, there had been no ruling by any court or binding admission by ASP. on many of the critical issues that inevitably would have consumed much of the time at trial, such as (a) originality, (b) access, (c) copying, (d) probative similarity, and (e) substantial similarity. Faced with the prospect of a potentially expensive trial on each and every one of those issues, the parties opted for the seemingly less costly option of a case stated proceeding.

Now, of course, *all* of those issues except for substantial similarity have been conclusively decided by virtue of the prior trial court decision (from which ASP. did not appeal) and appellate decision:  For example, as the First Circuit trenchantly observed, "[o]n appeal, ASP wisely does not contest the district court's finding of actual copying. . . ."  *See Situation Mgmt. Sys. v. ASP Consulting LLC*, 560 F.3d 53, 62 (1st Cir. 2009).  As currently postured by the First Circuit, therefore, the new trial has been streamlined and presents far fewer issues than a jury would have been called upon to consider in the first trial.

Following remand, the trial of this matter thus will not entail any issue of liability except the limited and focused question of substantial similarity.  In large part because a new trial will be more focused and confined to that liability singular issue, a jury trial should be able to proceed relatively swiftly.

## 2.     ASP. Cannot Demonstrate Actual Prejudice If A Jury Trial Is Granted.

In applying its substantial deference analysis to Rule 39(b) motions, the First Circuit has emphasized that actual prejudice to the non-movant must be shown in order to support denial of the otherwise jealously guarded right to a jury trial.  *See Moores v. Greenberg*, 834 F.2d 1105, 1108-09 (1st Cir. 1987); *Rowlett*, 832 F.2d at 200.

Moreover, prejudice must be far more than the mere frustration of the non-movant's tactical preference for a bench trial.  For example, in *Pawlak v. Metropolitan Life Insurance Company*, 87 F.R.D. 717, 719 (D. Mass. 1980), the court granted a motion for a new trial based upon its evaluation of issues pertaining to "the administration of justice" generally.  More specifically, the court emphasized the "the strong, historic federal policy favoring trial by jury of issues of fact" and added that "a mere showing of a tactical preference for nonjury trial is not a demonstration of prejudice in the relevant sense."  *Id.* at 719-20.

Rather, the non-movant must demonstrate true prejudice such as an inequitable delay of the trial, its inappropriate extension, or unfair surprise. *Rowlett*, 832 F.2d at 200 (citing *Pawlak*, 87 F.R.D. at 719).

ASP., however, cannot make any of those showings.   First, the matter is still in the earliest stages following remand and there will not be any inequitable delay.   ASP. will have more than adequate time to prepare for trial and, indeed, will have the same length of time to prepare for a jury trial as will counsel for SMS.   Second, trial will not be unduly extended, because the issues have already been greatly narrowed.   Indeed, the trial potentially can begin with instructions that copying occurred and that the role of the jury is to assess whether that copying was "substantial."    Jury instructions on the issue are not complex and are fairly standardized.

Moreover, as this Court has tentatively suggested already, the matters to be decided here are particularly appropriate for a jury trial.   Specifically, a jury trial would allow the factual question of substantial similarity to be resolved through the eyes of the community and may be assisted by the presentation of expert testimony.   The jury plays an important role in evaluating factual details, and justice is served best by allowing jurors to resolve the details inherent to substantial similarity.   Third, given the circumscribed nature of the jury trial, the jury trial should not be unduly expensive.   Regardless of whether tried to a jury or to a bench, the parties would still essentially need to put on the same evidence of substantial similarity and damages. Tellingly, at the hearing on July 13, ASP confirmed that despite any financial considerations they are committed to litigating this matter.   Finally, there is no issue of unfair surprise.   The request for a jury has been made well in advance of any potential trial date.   Thus, counsel for both

- 6 -

parties will have ample opportunity to develop their strategies and evidence in a fashion suited for a jury trial.

### III.
### <u>CONCLUSION</u>

Because ASP. can show nothing more than "a tactical preference for non-jury trial," SMS respectfully requests that this Court exercise its discretion in favor of the right to trial by jury.

Respectfully submitted,
**SITUATION MANAGEMENT SYSTEMS, INC.**
By its Attorneys,

s/Ryan C. Siden
Ryan C. Siden, B.B.O. No. 646138
Siden & Associates, P.C.
20 Park Plaza, Suite 804
Boston, MA  02116
(617) 423-5999
(617) 423-4855 - facsimile
mail: rsiden@sidenlaw.com

s/William F. Dolan
William F. Dolan
wdolan@jonesday.com
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, Illinois 60601-1692
(312) 782-3939
DATED:      July 22, 2009          (312) 782-8585 – Facsimile

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by the ECF system on July 22, 2009.

/s/  Ryan C. Siden
Ryan C. Siden
Siden & Associates, P.C.