UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 06-11557-RGS

SITUATION MANAGEMENT SYSTEMS, INC.

v.

LAMOCO CONSULTING, LLC f/k/a
ASP. CONSULTING LLC and
ASP. CONSULTING GROUP

ORDER ON PLAINTIFF'S APPLICATION
FOR ATTORNEYS' FEES AND COSTS

June 6, 2011

STEARNS, D.J.

As the prevailing party in this long-litigated copyright action, plaintiff Situation Management Systems, Inc. (SMS) seeks an award of $718,015.53 in attorneys' fees and expenses to be taxed against defendant ASP. Consulting LLC (ASP). ASP has not filed a response to the application.

While it was once the rule that attorneys' fees were awarded to a prevailing party in a copyright action as "a matter of course," *see In Design v. K-Mart Apparel Corp.*, 13 F.3d 559, 567 (2d Cir. 1994), the Supreme Court has since made clear that "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994), citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-437 (1983). "'There is no precise rule or formula for

making these [fee award] determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Fogerty*, 510 U.S. at 534 (non-exclusive factors that may guide a court's discretion in awarding attorneys' fees include frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation . . . and deterrence . . . "so long as [they] are faithful to the purposes of the Copyright Act." *Id*. at 534 n.19 (internal citations omitted)).[1]

As the Massachusetts Supreme Judicial Court has summarized, the focus in awarding a fee is not on the bill submitted or the amount in controversy, but on several factors including "'the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.'" *Berman v. Linnane*, 434 Mass. 301, 303 (2001), quoting *Linthicum v. Archambault*, 379 Mass. 381, 388-389 (1979). The court is not required to allow or disallow each item of a submitted bill, but may consider the bill as a whole. *Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 431 (2005) (stressing the obligation to

---

[1] There is one additional requirement. To be entitled to attorneys' fees, a plaintiff must have registered the work prior to the infringement. 17 U.S.C. § 412.

submit precise details as to the hours spent and the nature of the work performed). The award of attorney expenses is also discretionary. *Invessys, Inc. v. The McGraw Hill Cos.*, 369 F.3d 16, 22-23 (1st Cir. 2004).

Here I have considered the willful and predatory nature of ASP's copying, which persisted despite years of warning that it had encroached well within the boundaries of SMS's intellectual property, the awareness by ASP's principals of the wrongfulness of their acts, and the transpicuous nature of the defenses offered at trial. I have given consideration to the total of the lodestar amount (which I consider reasonable given the seven years of litigation attendant to the prosecution), the experience of plaintiff's attorneys (particularly attorneys Dolan and Siden), the reasonableness of the hourly rates charged, the number of hours spent on the litigation (which included two trials and an appeal to the First Circuit), the measure of success (which was ultimately great), and the comparable costs of similar intellectual property litigation efforts in the greater Boston area (which SMS well documents). The court's task is also eased by the thoroughness of plaintiff's attorneys' recording of their fees and expenses and by the internal efforts undertaken by the supervising attorneys to weed out duplication of effort and inappropriate billings. Finally, although the case has been appealed by ASP, I conclude that there is no jurisdictional bar to the court's awarding of fees and costs. *See United States v. Brooks*, 145 F.3d 446, 455-456 (1st Cir. 1998), quoting *United*

*States v. Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993) ("[A]s a general rule, the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'").

ORDER

For the foregoing reasons, the court <u>AWARDS</u> $718,025.33 in attorneys' fees and expenses to plaintiff SMS. The court further <u>ALLOWS</u> SMS's Bill of Costs in the amount of $25,733.39. The court finally will award SMS the fees associated with the preparation of this application upon a filing of a properly documented supplemental fee application. *See McCarthy v. Local 254, SEIU*, 186 F.3d 52, 62 (1st Cir. 1999).

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE